```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


BRANDON BOLDEN                                              PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:06CV567LN


MALCOLM E. MCMILLIN, SHERIFF OF
HINDS COUNTY; HINDS COUNTY BOARD
OF SUPERVISORS; HINDS COUNTY,
MISSISSIPPI; AND JOHN DOES 1-10                            DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Brandon Bolden to remand pursuant to 28 U.S.C. § 1447. Defendants Malcolm McMillin, Sheriff of Hinds County, the Hinds County Board of Supervisors and Hinds County have responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

Plaintiff filed his complaint in the Circuit Court of Hinds County on March 21, 2006 alleging state law claims of negligence relating to his incarceration in the Hinds County Detention Center. On September 14, 2006, plaintiff moved to amend his complaint to add a cause of action against defendants under 42 U.S.C. § 1983 for alleged violation of his civil rights arising under the United States Constitution. When defendants removed the case on October 11, 2006, the motion to amend was still pending.

In his motion to remand, plaintiff argues that because there had been no ruling on his motion to amend at the time of removal, there were no causes of action in plaintiff's state court complaint that would have allowed removal.  Indeed, it appears "[t]he majority of courts that have considered the effect of a motion to amend a petition filed in state court have concluded that such a motion does not commence the thirty-day deadline for filing a notice of removal in federal court."  Owings v. Deere and Co., 441 F. Supp. 2d 1011, 1013 (S.D. Iowa 2006) (citing cases).[1]  "A number of courts have observed that remand is particularly appropriate when the state court retains discretion to deny the petition to amend."  Id. (citing cases).[2]  "Some courts have required that the amended complaint must actually be filed before

---

[1]  Among the cases cited in Owings is Schoonover v. West American Insurance Co., 665 F. Supp. 511, 514 (S.D. Miss. 1987), where the court held that a case did not become removable upon filing of a motion to amend because the state court retained discretion to deny the leave to amend.  Additional cases cited in Owings include Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998); Douklias v. Teacher's Ins. and Annuity Ass'n, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999); Finley v. Higbee Co., 1 F. Supp. 2d 701, 704 (N.D. Ohio 1997); Crump v. Wal-Mart Group Health Plan, 925 F. Supp. 1214, 1219 (W.D. Ky. 1996); Hibbs v. Consolidation Coal Co., 842 F. Supp. 215, 217 (N.D. W.Va. 1994).

[2]  See May v. J.D. Candler Roofing Co., No. 04-cv-74690, 2005 WL 1349110, *4 (E.D. Mich. May 12, 2005) (observing majority rule that motion to amend does not trigger thirty-day deadline when there is no ability to amend as a matter of right); Douklias, 35 F. Supp. 2d at 615; Schoonover, 665 F.Supp. at 514; Hamilton, 607 F. Supp. at 1373; Gibson v. Atlantic Coast Line R.R. Co., 299 F. Supp. 268, 269 (S.D.N.Y. 1969).

2

the case may be removed; others require only that the motion to amend first be granted." Id.  This court, in fact, addressed a related issue in Blanks v. Lockheed-Martin Corp., Civil Action No. 4:05CV137 (S.D. Miss. Apr. 25, 2006).  There, the plaintiffs argued that there was no federal claim to support removal because although they filed a motion to amend with accompanying proposed amended complaint and had secured an order from the court granting their motion, they had not formally "filed" their complaint.  This court concluded that because the plaintiffs had done all that was necessary to effect an amendment prior to defendants' removal, the removal was not premature.  Implicit in the court's opinion was its conclusion that until such time as the state court granted the motion to amend, the case was not removable.

In response to plaintiff's motion, defendants herein cite Lefall v. Dallas Independent School District, 28 F.2d 521 (5th Cir. 1994), and declare that the Fifth Circuit has "clearly held that a Motion to Amend a Complaint to include a federal claim constitutes 'other paper' within the meaning of 28 U.S.C. § 1446(b), therefore triggering the thirty (30) day removal period."  However, the court in Lefall did not hold that a motion to amend to add a federal claim triggers the removal period.  The opinion in Lefall reflects that the plaintiff filed her original petition in state court on November 10, 1992 and thereafter "filed her amended petition, which added the § 1983 claim, in state court on January

26, 1993," following which the defendants filed their notice of removal. Id. at 524. There was no discussion by the court of any motion to amend in state court, and the court held only that the removal clock began to run not from the time of the plaintiff's original complaint (which did not include any federal claim) but from the time the plaintiff <u>filed</u> her amended complaint. <u>Id</u>.[3]

    For these reasons, it is ordered that plaintiff's motion to remand must be granted.[4]

    SO ORDERED this 13th day of December, 2006.


                                      /s/ Tom S. Lee
                                      UNITED STATES DISTRICT JUDGE

---

[3] The only other cases cited by defendants in support of their position are <u>Brandon v. Toyota Motor Corp.</u>, 240 F. Supp. 2d 604 (S.D. Miss. 2002), and <u>Herrington v. J.R. Pounds, Inc.</u>, 874 F. Supp. 133 (S.D. Miss. 1995). There is nothing in <u>Herrington</u> to suggest that a motion to amend will support a removal, and although there is language in <u>Brandon</u> to the effect that a motion to amend "could" perhaps give rise to a right of removal, the court's observation was merely hypothetical and clearly dictum.

[4] Each side has requested an award of costs and fees from the other. Both requests will be denied. Defendants' removal was premature, but it is a fact that plaintiff had moved to amend to add a federal claim and thus he should have anticipated the case would be removed at some point; and indeed, there is little doubt the case will return to federal court in the event plaintiff's own request to amend is granted.